McFarland, J.,
delivered the opinion of the court.
This action was brought against Topp, upon his endorsement of a bill of exchange. The plaintiff is *412 Samuel Watson, who avers in his declaration that he is the trustee holding the assets of the Bank of Tennessee under an assignment, and that as such trustee he became entitled to sue upon the bill as part of the assets of the bank. Among other pleas, there is one denying the execution of the deed of trust or assignment, and putting in issue Watson’s right to sue upon the paper. Upon this plea issue was taken. The bill of exceptions, which purports to contain all of the evidence, contains no evidence of the assignment or deed of trust.
The argument is, that this court will take judicial notice that Watson was and is the trustee of the assets of the Bank of Tennessee.
We are of opinion that we cannot do so. We know that an act of the Legislature was passed directing an assignment of the assets of the bank to be made; but we cannot judicially know that the assignment was made, or that Watson was appointed as the trustee, or if so, that he accepted that trust, gave the bond, and holds the position. These facts were put in issue and were questions for the jury, and the assignment should have been proved like any other deed or assignment between other parties.
We see an act of the Legislature passed in 1869, in which Watson is styled trustee of the Bank of Tennessee; but, other objections aside, this action was brought in 1866, and therefore this act cannot show that Watson was trustee when the action was brought.
For this error we are constrained to reverse the judgment and award a new trial.